

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C  20530*

July 17, 2007

**FILED**

**JUL 1 8 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Danny C. Onorato, Esquire
1140 Connecticut Avenue, N.W.
Suite 1140
Washington, D.C.  20036
fax copy also to:  628-4177 (this page followed by 10 additional pages)

Investigation of Timo Ntoto

CR 07-156-PLF

Dear Counsel:

     This letter sets forth the full and complete plea offer to your client, Timo Ntoto, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on May 11, 2007.  If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The government reserves the right to withdraw this offer any time prior to your client's acceptance of it, which must be by executing the document in the space provided.  The terms of the offer are as follows.

### Charges and Statutory Penalties

     1. Your client agrees to waive indictment and plead guilty to one-count criminal information, a copy of which is attached, charging him with bank fraud, in violation of 18 U.S.C. § 1344.

     2. Your client understands that pursuant to 18 U.S.C. §§ 1344, 3013, 3559, and 3583, he faces a maximum penalty of 30 years in prison, five years of supervised release, a $1 million fine, and a $100 special assessment.  In addition, he will be ordered to pay restitution, pursuant to 18 U.S.C. §§ 3556 and 3663A.  There is also an obligation to pay interest and penalties on fines or restitution not timely paid.

     3. In consideration of your client's guilty plea, he will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

**Factual Stipulations**

4. Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006)(hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**Offense Level Under the Sentencing Guidelines**

The base offense level applicable to this offense is 7, pursuant to U.S.S.G. § 2B1.1(a)(1), and pursuant to U.S.S.G. § 2B1.1(b)(1)(G), an increase of 12 levels is warranted.

**Acceptance of Responsibility: 3-level reduction**

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b) because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Guideline Departures**

Under the Sentencing Guidelines an upward departure from the applicable Guidelines range is not warranted, but a downward departure of up to six (6) months is warranted, based on your client's status as a removable alien, pursuant to United States v. Smith, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), and U.S.S.G. § 5K2.0(2)(B). The parties agree that no other downward Guidelines departure is appropriate.

### Agreement as to Sentencing Allocution

6. The parties further agree that a prison sentence within the range established by the applicable Sentencing Guidelines range, after allowing for the Smith departure discussed supra, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18 Section 3553(a).

### Court Not Bound by the Plea Agreement

7. It is understood that pursuant to Rule 11(c)(1)(B) and (c)(3) of the Federal Rules of Criminal Procedure, the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

8. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence above the Guidelines range.

### Restitution

9. In addition to penalties required by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately upon entry of the guilty plea, unless ordered otherwise by the Court.

### Release/Detention

10. Your client acknowledges that while the Government will not seek to detain him pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. If your client is not held pending

sentencing and then engages in further criminal conduct prior to sentencing, the government may move to change your client's conditions of release.

## Breach of Agreement

11. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

12. Your client acknowledges discussing with you Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

13. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

14. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

15. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement

(including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

16. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

17. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

18. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

19. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
JULIEANNE HIMELSTEIN
ASSISTANT UNITED STATES ATTORNEY
202-514-8203

5

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Danny C. Onorato, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 7/18/07

TIMO NTOTO
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7/18/07

DANNY C. ONORATO, Esquire
Attorney for the Defendant

## STATEMENT OF THE OFFENSE

During the period March 1, 2005, to May 1, 2005, defendant Timo Ntoto was employed as an assistant vice president with BB&T Bank, a financial institution and an insured depository institution, at BB&T's offices in Washington, D.C., where he was authorized to approve loans.

On or about March 22, 2005, defendant Ntoto authorized two BB&T loans, in the amount of $78,336.80, and in the amount of $77,740.80, both to one Yves Lassang, which loans were to be secured, respectively, by property located at 3001 Chelsea Terrace, in Baltimore, and property located at 712 Whitemore Avenue, also in Baltimore, which properties were purportedly owned by Mr. Lassang. In fact, as defendant Ntoto knew well at the time, Mr. Lassang did not own either Baltimore property.

On or about March 27, 2005, defendant Ntoto authorized two BB&T loans in the amount of $74,604, and in the amount of $73,520, both to one Nathalie Kazumba, which loans were to be secured, respectively, by property located at 2653 South Paca Street, in Baltimore, and property located at 5457 Jonquil Avenue, also in Baltimore, which properties were purportedly owned by Ms. Kazumba. In fact, as defendant Ntoto knew well at the time, Ms. Kazumba did not own either Baltimore property.

On or about April 27, 2005, defendant Ntoto authorized a BB&T loan in the amount of $73,130 to one Budibunene Ngandu, which loan was to be secured by property located at 3009 Garrison Boulevard, in Baltimore, which property was purportedly owned by Mr. Ngandu. In fact, as defendant Ntoto knew well at the time, Mr. Ngandu did not own the property.

<u>Defendant's Acceptance of Statement of Offense</u>

    I have read this Statement of Offense and Factual Proffer and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

Date: 7/18/07

TIMO NTOTO
Defendant

<u>Defense Counsel's Acknowledgment</u>

    I am the attorney for defendant Timo Ntoto. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.

Date: 7/18/07

DANNY C. ONORATO, Esquire
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 07-156 |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 1344 |
| TIMO NTOTO, | ) | (Bank Fraud) |
| Defendant. | ) | |

**FILED**
JUN 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FRIEDMAN, J. PLF

INFORMATION

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully informs the Court that from on or about March 1, 2005, to on or about May 1, 2005, in the District of Columbia and elsewhere, defendant **Timo Ntoto** knowingly executed a scheme and artifice to defraud BB&T Bank, a financial institution and a depository institution, whose deposits are insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds owned by and under the custody and control of BB&T Bank by means of false and fraudulent pretenses, representations and promises.

It was part of the scheme and artifice to defraud that the defendant, a loan officer for BB&T Bank would authorize loans purportedly secured by real property owned by the loan applicants, when in fact, as defendant well knew, the applicants did not own the real property.

**(Bank fraud, in violation of Title 18, United States Code, Section 1344)**

JEFFREY A. TAYLOR
Attorney for the United States in
and for the District of Columbia
Bar No. 498610

BY: *[signature]*

MICHAEL C. LIEBMAN
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C. 20530
(202) 353-2385