UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-0156 (PLF) |
| | : | |
| v. | : | |
| | : | |
| TIMO NTOTO, | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

**I.      BACKGROUND**

On July 18, 2006, defendant entered a guilty plea pursuant to Federal Rules of Criminal Procedure Rule 11 to bank fraud in violation of Title 18 U.S.C. §1344. The facts supporting the plea are as follows: Between March and May, 2005, Defendant was employed as an assistant vice president with BB&T Bank, a financial institution and an insured depository institution, where he was authorized to approve loans. Between March, 2005 and April, 2005, Defendant approved three loans which were to be secured by property purportedly owned by the borrowers. However, as Defendant knew at the time of the loans, none of the borrowers owned the secured property. The total amount of loss was $371,250.00.

**II.     SENTENCING CALCULATION**

A      Statutory Maxima

Pursuant to Title 18, United States Code, Section 1344 carries a maximum penalty of 30 years confinement and or a fine of $ 1,000,000.

B.   Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Report ("PSR") calculates the defendant's total offense level at 18. According to United States Sentencing Guidelines, the base offense level of the crime is a 7, U.S.S.G. § 2B1.1(a). The base offense level is enhanced by twelve levels because the loss exceeded $200,000, U.S.S.G. § 2B1.1(b)(1); the Defendant receives a two-level increase for position of trust, U.S.S.G.§3B1.3, and the Defendant receives a three-level decrease because of acceptance of responsibility, U.S.S.G. § 3E1.1; bringing the sentence to level 18. The PSR calculates the defendant's criminal history as Category I. The guideline range for the defendant is calculated at 27 to 33 months imprisonment.

III.   **GOVERNMENT'S RECOMMENDATIONS**

As stated by defense counsel, undersigned counsel agreed that Defendant's status as a removable alien warrants a downward departure of *up to* 6 months pursuant to United States v. Smith, 27 F.3rd 649 (D.C. Cir. 1994). This agreement is firmly stated in the plea agreement, ¶ 5 titled "Guideline Departures", signed by both counsel and the Defendant on July 18th, 2007. Given that agreement, undersigned counsel recommends that the Court sentence the defendant to a period of incarceration of 21 months.

Pursuant to 18 U.S. C.§3663A the government submits that Defendant should be ordered to pay full restitution in the amount of $354,414.45 to BB&T Bank of Virginia.

IV.     **CONCLUSION**

Wherefore, the government respectfully requests that the Court order the Defendant to serve 21 months in prison and an order to pay full restitution.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No.  498610

---

JULIEANNE HIMELSTEIN
Assistant United States Attorney
Major Crimes Section, D.C.  Bar No. 417-136
555 4th Street, N.W.  Room 4832
Washington, DC 20001
Phone: 514-8203
Fax: 353-9414